NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAUREEN COOPER and WILLIAM KARPACK, <br><br> Plaintiffs, <br><br> v. <br><br> GREEN POND ANIMAL CARE CENTER, MICHAEL ZIEDER and JOHN DOES 1-5 AND 6-10, <br><br> Defendants. | Civil Action No. 12-7903 (SRC) <br><br> OPINION |

**CHESLER**, District Judge

This matter comes before the Court on Defendants' motion for summary judgment and also upon Plaintiffs' cross-motion for summary judgment. The motions have been fully briefed, and the Court has considered the papers filed by the parties. For the reasons that follow, the Court will deny both Defendant's motion and Plaintiffs' cross-motion for summary judgment.

I.  **BACKGROUND**

This is a matter concerning allegedly unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and New Jersey's Wage and Hour Law ("NJWHL"). Plaintiffs Maureen Cooper ("Cooper") and William Karpack ("Karpack") were employed by Defendant Green Pond Animal Care ("Green Pond"), a veterinary practice located in Rockaway, New Jersey and owned by veterinarian Michael Zieder ("Zieder"), also named as a Defendant. Plaintiffs were hired in 2010 but are no longer employed by Green Pond. Cooper asserts that she

1

served as the office receptionist, and Karpack states that he was employed as a veterinary technician. They both claim that they worked in excess of 40 hours per week during the course of their employment but were not compensated properly for the overtime hours worked, as required the FLSA and NJWHL.  According to Defendants, however, Cooper served as the office manager and Karpack served as the hospital manager.  Defendants assert that both Plaintiffs were properly compensated on a salaried, rather than hourly basis.

    Plaintiffs filed this lawsuit on December 28, 2012.  In addition to the unpaid overtime claims, the Complaint also asserts a breach of contract claim based on an alleged oral contract between Plaintiff Cooper and Defendants for the construction of Green Pond's website.

## II.  DISCUSSION

### A.  Legal Standard

Federal Rule of Civil Procedure 56(a) provides that a "court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) (construing the similarly worded Rule 56(c), predecessor to the current summary judgment standard set forth in Rule 56(a)).  A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.  "When the moving party has the burden of proof at trial,

that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)). In considering a motion for summary judgment, a district court "must view the evidence 'in the light most favorable to the opposing party.'" Tolan v. Cotton, 134 S. Ct. 1861, 1866 (2014) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970)). It may not make credibility determinations or engage in any weighing of the evidence. Anderson, 477 U.S. at 255; see also Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (holding same).

Once the moving party has satisfied its initial burden, the party opposing the motion must establish the existence of a genuine issue as to a material fact. Jersey Cent. Power & Light Co. v. Lacey Twp., 772 F.2d 1103, 1109 (3d Cir.1985). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir.2001), overruled on other grounds by Ray Haluch Gravel Co. v. Cent. Pension Fund of the Int'l Union of Operating Eng'rs and Participating Emp'rs, 134 S.Ct. 773 (2014). However, the party opposing the motion for summary judgment cannot rest on mere allegations; instead, it must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; see also Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir.1990) (holding that "unsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment").

### B. FLSA and NJWHL Claims

FLSA requires that for all hours an employee works in excess of 40 hours per week, he or she be compensated, at a minimum, at the hourly rate of one and one-half times the regular rate

3

of pay. 29 U.S.C. § 207(a)(1). The comparable New Jersey statute sets forth the same requirement. N.J.S.A. 34:11-56a4. Both the FLSA and NJWHL exempt "bona fide executive, professional and administrative" from overtime pay requirements, and New Jersey's law adopts federal regulations defining those categories. 29 U.S.C. § 213(a)(1); N.J.S.A. 34:11-56a4; N.J.A.C. 12:56-7.2(a). Defendants claim that Plaintiffs are exempt from the statutes' overtime provisions as administrative employees. "Exemptions from the FLSA are to be narrowly construed against the employer, and the employer has the burden of establishing an exemption." Pignataro v. Port Auth., 593 F.3d 265, 268 (3d Cir.2010).

The applicable federal regulation defines an "employee employed in a bona fide administrative capacity" as one

> (1) Compensated on a salary or fee basis at a rate of not less than $455 per week . . . ;
>
> (2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employers customers; and
>
> (3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

29 C.F.R. § 541.200. The Department of Labor regulations are clear, moreover, that "[a] job title alone is insufficient to establish the exempt status of an employee. The exempt or non-exempt status of any particular employee must be determined on the basis of whether his duties, responsibilities and salary meet all the requirements of the appropriate section of the regulations." 29 C.F.R. § 541.2(b)(2).

The cross-motions before the Court focus on whether Plaintiffs' "primary" duties consist of exempt administrative work "directly related to the management or general business operations" of the Green Pond veterinary practice. "The term 'primary duty' means the

4

principal, main, major or most important duty that the employee performs." 29 C.F.R. § 541.700(a).  Plaintiffs stress that Defendants bear the burden of proving that the FLSA exemption applies and argue that no reasonable jury could find in Defendants' favor on this question.

Defendants, however, adduce sufficient evidence to defeat Plaintiffs' motion for summary judgment on the FLSA and NJWHL claims.  They point out that Plaintiff Cooper has admitted in interrogatories that she established and implemented office procedures and routines.  They further point to a memorandum she prepared and provided to Defendant Zieder regarding her daily tasks, which included supervising office staff, accounting for sales, overseeing billing procedures and creating forms, policies and training materials.  As to Karpack, Defendants similarly indicate that his memorandum regarding his self-described duties stated that he was responsible for working with sales representatives and distributors, maintaining hospital supplies and equipment, adding charges to invoices and developing hospital procedures regarding, among other matters, admitting and discharging patients.  That Plaintiffs performed predominantly administrative duties is also supported by Defendant Zieder's deposition testimony and several affidavits provided by various employees of Green Pond who worked with Cooper and Karpack.  Plaintiffs discount these proofs as "self-serving," but there is no indication that the information provided in the affidavits is contradictory to other proof offered by the affiants such the Court should disregard such evidence as sham affidavits. Jiminez v. All Am. Rathskeller, Inc., 503 F.3d 247, 253 (3d Cir.2007) (holding that while a sham affidavit cannot raise a genuine issue of fact, "not all contradictory affidavits are necessarily shams."). Zieder and the employee witnesses give information about the nature and extent of Plaintiffs' daily duties based on their

personal knowledge, and their accounts are consistent with other evidence, such as the job description memos discussed above. Id.

On the other hand, Plaintiffs certainly point to sufficient evidence, including their own deposition testimony, to raise a genuine issue of material of fact as to whether administrative tasks constituted their main or most important duties. Karpack asserts that he spent 90 percent of his time performing routine veterinary technician work, such as taking client histories, assisting Dr. Zieder's examinations and procedures, cleaning cages, feeding animals, and various tasks related to building maintenance. Cooper likewise has testified that she spent 90 percent of her time performing typical receptionist duties, including clerical work performed by other receptionists in the practice, as well as various cleaning jobs, including mopping floors, doing laundry and cleaning bathrooms twice a day. Their testimony raises contested issues that prevent the Court from concluding that no reasonable jury could find that they performed mainly non-exempt duties and thus were misclassified by Defendants as bona fide administrative employees. As such, Defendants' motion for summary judgment on the FLSA and NJWHL claims will also be denied.

The Court further notes that the parties have adduced conflicting evidence as to the other elements of the administrative employee exemption, namely, whether Plaintiffs were paid on a salaried basis and whether their job duties required them to exercise discretion on important matters. The Court has not examined these elements in detail because, like the primary duty element, the evidence presented calls for the proofs to be weighed, making summary judgment for either Plaintiffs or Defendants inappropriate under Rule 56(a). Anderson, 477 U.S. at 255; Marino, 358 F.3d at 247.

Moreover, the fluctuating workweek ("FWW") doctrine, raised by Defendants as alternative basis for summary judgment in their favor on the overtime claims, is unavailing. This doctrine allows an alternative method for calculation of an employee's regular rate and overtime premiums, but certain conditions must be met for the FWW method to apply: the employee's hours fluctuate from week to week; the employee receives a fixed salary; the parties have a "clear mutual understanding" that fixed compensation will be paid for each workweek, regardless of hours actually worked, and the amount paid provides compensation at regular rate at least equal to the minimum wage.[1] 29 C.F.R. § 778.114(a); see also Adeva v. Intertek USA, Inc., No. 09-1096 (SRC), 2010 WL 97991, at *2 (D.N.J. Jan. 11, 2010). Here, Plaintiffs sue for unpaid overtime on a misclassification theory, arguing that Defendants improperly compensated them as if they were exempt from the requirements of the FLSA and NJWHL. Because there is a contested issue of fact as to whether Plaintiffs and Defendants had a "clear mutual understanding" as to their compensation arrangement, the Court cannot determine that the FWW method applies as a matter of law.

C.  Breach of Contract Claim

Insofar as Defendants move for summary judgment on Cooper's breach of contract claim, the motion is denied. Though Zieder maintains that there was not a "meeting of the minds" between Cooper and him to compensate her in exchange for her creation of a website for the Green Pond practice, Cooper testified that she and Zieder had a specific conversation in which he

---

[1] According to the regulation approving of this compensation method, "the salary in such a situation is intended to compensate the employee at straight time rates for whatever hours are worked in the workweek," and thus the regular rate, which will vary, "is determined by dividing the number of hours worked in the workweek into the amount of the salary to obtain the applicable hourly rate for the week. *Payment for overtime hours at one-half such rate in addition to the salary satisfies the overtime pay requirement because such hours have already been compensated at the straight time regular rate, under the salary arrangement.*" 29 C.F.R. § 778.114(a).

agreed to pay her $3,000 for the work.  The existence of a genuine issue of material fact as to contract formation precludes summary judgment on the claim.

### III. CONCLUSION

For the foregoing reasons, the Court will deny the motions for summary judgment. An appropriate Order will be filed.

  s/ Stanley R. Chesler  
STANLEY R. CHESLER  
United States District Judge

Dated: May 22, 2015